996 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis G. ROBINSON, Plaintiff-Appellant,
v.
Jeffrey C. GERBER; John A. Carmosino; Howard Coburn; Bank
One of Cleveland, N.A.; Lesley Brooks-Wells,
Judge, in her individual capacity,
Defendants-Appellees.
 No. 92-4160.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1993.
 
 1
 Before NELSON and SUHRHEINRICH, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Lewis G. Robinson, a pro se litigant, appeals from a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Defendants Gerber, Carmosino and Coburn are attorneys. Bank One is a financial institution, and Lesley Brooks-Wells is a common pleas judge of Cuyahoga County. Robinson alleged that the defendants violated his rights secured under Ohio and federal law when a hearing was held in the Cuyahoga County Common Pleas Court at which Robinson was appointed a guardian ad litem. The defendants moved for dismissal. The parties consented to judgment by a magistrate judge. The magistrate judge dealt with all the defendants' motions under Fed.R.Civ.P. 12(b)(6) and dismissed Robinson's action.
 
 
 4
 Review of a dismissal pursuant to Rule 12(b)(6) is de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The factual allegations set forth in Robinson's complaint must be accepted as true. Id. at 475. This obviates any need for an evidentiary hearing.
 
 
 5
 Upon review, we find no error. As to Judge Brooks-Wells, a judge will be subject to suit where she has acted in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357 (1978). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 112 S.Ct. 286, 288 (1991) (per curiam). We conclude that Judge Brooks-Wells was not acting in the clear absence of all jurisdiction. See Ohio R.Civ.P. 17(B).
 
 
 6
 As to the attorney defendants, an attorney representing a claimant in state court is not acting under color of state law as is required if liability is to attach under § 1983. See Polk County v. Dodson, 454 U.S. 312 (1981). However, an attorney is acting under color of state law "when engaged in a conspiracy with state officials to deprive another of federal rights." Tower v. Glover, 467 U.S. 914, 920 (1984). Robinson's allegations of conspiracy are vague and conclusory and are thus insufficient to state a claim. Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987). Further, the only state official named as a defendant is Judge Brooks-Wells, who was acting within her jurisdiction.
 
 
 7
 Robinson's complaint also fails to state a claim against Bank One. The bank was not claimed to have been acting under color of state law.
 
 
 8
 The judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, U.S. District Judge for the Eastern District of Michigan, sitting by designation